IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                                NO. 3:19-CR-65-11

DERRICK HOUSTON

**ORDER**

On February 19, 2021, Derrick Houston filed a motion asking the Court "to find that this case is a complex case within the meaning" of the Speedy Trial Act, specifically, 18 U.S.C. § 3161(h)(7)(B)(ii).[1]  Doc. #385 at 2.

"Although certification is not expressly provided for in the plain language of the Speedy Trial Act, some courts have, in fact, certified cases as being complex." *United States v. Cardenas-Guillen*, No. 00-118-S1-01, 2007 WL 760385, at *3 n.4 (S.D. Tex. Mar. 8, 2007) (collecting cases). Under 18 U.S.C. § 3161(h)(7)(B)(ii), the complexity of a case is a factor a court should consider in determining whether to grant an ends-of-justice continuance.

The Court has reviewed the plain text of the Speedy Trial Act and finds no mechanism in subparagraph (h)(7)(B)(ii), or any other provision, which provides for or requires the "certification" of a case as complex. Rather, subparagraph (h)(7)(B)(ii) merely directs that the complexity of a case be used as a relevant factor in determining whether to exclude a delay attributable to a *specific* continuance. In the absence of any authority providing for or requiring "certification" under the Speedy Trial Act, the Court declines to "certify" this case as complex for

---

[1] The motion's introductory paragraph also mentions 18 U.S.C. § 3161(h)(7)(A). Both subsections fall under the ends-of-justice continuance provisions.

purposes of the ends-of-justice inquiry.[2] Accordingly, the motion to certify [385] is **DENIED**.[3]

**SO ORDERED**, this 8th day of March, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] This Court instead will review the proffered reasons for each continuance requested at the time each request is made.

[3] Houston may have intended to have this case declared complex for other reasons. *See, e.g.,* 7A Admin. Office of the U.S. Cts., *Guide to Judiciary Policy* § 230 (2021). But his motion fails to mention complexity in any context beyond the Speedy Trial Act.