IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                    NO. 3:19-CR-65-11

DERRICK HOUSTON

**ORDER**

Joseph M. Hollomon formally entered an appearance as counsel for Derrick Houston in this multidefendant case on November 9, 2020, after being appointed to represent Houston.[1] Docs. #350, #351. Pursuant to a written plea agreement, Houston pled guilty to Count One of the Second Superseding Indictment on May 11, 2022. Docs. #452, #454. On October 5, 2022, the Court sentenced Houston to 200 months imprisonment and three years supervised release and entered judgment accordingly. Doc. #522.

Houston filed a pro se notice of appeal on or about October 12, 2022. Doc. #523.[2] *Id.* at 1. On or about October 20, 2022, Houston filed a pro se motion "requesting appointment of counsel to address [his] appeal claims," specifically, "counsel who has experience in appealing RICO conspiracy cases."[3] Doc. #527 at 2. On or about October 25, 2022, Houston filed another pro se motion requesting the appointment of appellate counsel "other than Joe Hollomon" as well as a copy of all motions filed by Hollomon and the government and "all plea agreement and

---

[1] Hollomon was appointed to represent Houston in place of a prior appointment. Doc. #350; *see* Docs. #348, #349. *See also* November 4, 2020, text only order appointing the Federal Public Defender.

[2] On October 20, 2022, the Court received from Houston a pro se motion requesting a housing recommendation and amendments to his presentence report. Doc. #526 at 1, 2. The Court denied the pro se motion because at the time Houston filed it, he was represented by counsel. Doc. #535.

[3] Houston also requested this relief by pro se motion in the Fifth Circuit Court of Appeals. The docket in Houston's appeal reflects "NO ACTION TAKEN" on the motion because Houston "has CJA-appointed counsel, District Court has not granted the motion to withdraw, and the same pro se motion is also pending in the District Court, making this duplicative filing unnecessary."

sentenceing [sic] transcript[s] at government expense."[4]  Doc. #528 at PageID 2516, 2517.

At the time Houston filed his pro se motions, he was (and still is) represented by appointed counsel.[5]  Houston is not entitled to appointed counsel of his choice.  *United States v. Quinn*, 826 F. App'x 337, 341 (5th Cir. 2020) (citing *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013)); *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them.").  And since Houston is represented by counsel, he "does not have a constitutional right to hybrid representation" so is "not entitled to file a pro se motion on his own behalf." *United States v. Alvarado*, 321 F. App'x 399, 400 (5th Cir. 2009) (per curiam) (internal quotation marks omitted); *see United States v. Presley*, 415 F. App'x 563, 570 (5th Cir. 2011) (denying prisoner's pro se motion for release pending appeal because the Fifth Circuit "does not permit hybrid representation").  For these reasons, Houston's pro se motions [527][528] are **DENIED without prejudice**.[6]

**SO ORDERED**, this 30th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Houston further requested this relief by pro se motion in the Fifth Circuit Court of Appeals.  For the same reasons described in the note above, the docket in Houston's appeal reflects "NO ACTION TAKEN" on the motion.

[5] Hollomon filed a motion to withdraw from Houston's representation on October 19, 2022, *see* Doc. #524, after Houston filed his pro se notice of appeal.  The Court denied the motion to withdraw on November 30, 2022, for failure to comply with the Local Rules.  Doc. #534.

[6] Ordinarily, the Court strikes pro se motions attempting hybrid representation.  But because Hollomon sought (unsuccessfully) to withdraw from representing Houston and Houston has expressed his desire for the appointment of different counsel, the motions may be renewed if and when Hollomon is permitted to withdraw.  If Houston is appointed new counsel in place of Hollomon, any pro se motions filed by Houston seeking trial court documents and transcripts will be denied as hybrid representation.